16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Naal A. BUTRIS, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 93-1900.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: KENNEDY, JONES and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Naal A. Butris appeals pro se from a district court judgment dismissing a complaint filed under 28 U.S.C. Sec. 1331, in which Butris sought judicial review of his deportation proceedings. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Butris is an Iraqi native who was convicted of two felony firearm charges in violation of Michigan state law. An Immigration Judge ("IJ") found that Butris was deportable because of these convictions and ordered his deportation. 8 U.S.C. Sec. 1251(a)(2)(C). The Board of Immigration Appeals ("BIA") dismissed Butris's administrative appeal of the IJ's decision on January 21, 1993.
 
 
 3
 Butris filed a complaint in the federal district court during the pendency of his administrative appeal, alleging that he had been denied due process, equal protection, the right to present evidence and a fair deportation hearing because the IJ would not allow him to be represented by an inmate paralegal at his deportation hearing. On June 4, 1993, the district court adopted a magistrate judge's recommendation and dismissed the case for lack of jurisdiction. The district court found that this court had exclusive jurisdiction over Butris's case because his claims were not collateral to the deportation order. It is from this judgment that Butris now appeals.
 
 
 4
 The United States Courts of Appeals have exclusive jurisdiction to review all final orders of deportation. 8 U.S.C. Sec. 1105a. Butris now argues that jurisdiction was proper in the district court because his claims were collateral to the final order of deportation. However, the Courts of Appeals have exclusive jurisdiction over "all determinations made during and incident to the administrative proceeding" that were reviewable by the BIA. Foti v. INS, 375 U.S. 217, 229 (1963). The IJ's decision not to allow representation by the inmate paralegal was made during and incident to Butris's deportation proceedings. That determination was also reviewed by the BIA. Moreover, the Supreme Court has held that our exclusive jurisdiction under Sec. 1105a includes the review of all determinations "on which the validity of the final order is contingent." INS v. Chadha, 462 U.S. 919, 938 (1983). Butris clearly implies that the validity of the final order of deportation was affected by the IJ's decision to refuse his request for inmate representation at his hearing.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.